Clifton A. Bishop v. Commissioner.
Bishop v. Commissioner
Docket No. 2873-66.
United States Tax Court
T.C. Memo 1967-77; 1967 Tax Ct. Memo LEXIS 182; 26 T.C.M. (CCH) 387; T.C.M. (RIA) 67077; April 14, 1967
S. B. Wallace, for the petitioner. D. S. Meisel, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined a deficiency in the income tax of the petitioner, Clifton A. Bishop, for the taxable year 1964, in the amount of $255.57. The only issue presented is whether petitioner is entitled to dependency exemptions for his mother and father for the year 1964. Findings of Fact A part of the facts have been stipulated and the stipulation *183 and exhibits attached thereto are incorporated herein by this reference. The petitioner is a single person residing at Woodbury, Georgia. He filed his Federal income tax return for the year 1964 with the district director of internal revenue at Atlanta, Georgia. On his return for 1964, petitioner claimed dependency exemptions for his mother and father, Hester and Robert Bishop, and for a niece, all of whom resided with him during the entire year 1964. Respondent allowed the exemption for petitioner's niece but disallowed the dependency exemptions claimed by petitioner for his mother and father. Petitioner was employed in Atlanta, Georgia, and commuted between his residence in Woodbury and his place of employment in Atlanta, a distance of 60 miles each way. During the year 1964 he received wages and supplemental unemployment benefits in the total amount of $5,915.12. Petitioner's mother and father are 78 and 80 years of age, respectively. During the year 1964, each of them received welfare payments in the amount of $576. Opinion Sections 151 and 152 of the Internal Revenue Code of 1954 provide for the allowance of a dependency exemption in the amount *184 $600of each for the mother and father of an individual taxpayer "whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600," and "over half of whose support" for such taxable year "was received from the taxpayer." Petitioner's mother and father meet the relationship requirement of section 152(a)(4), and their respective gross income for the year 1964 was less than $600, as provided by section 151(e)(1)(A). Accordingly, petitioner's entitlement to dependency exemptions for his mother and father depends upon whether or not he furnished more than one-half of their total support for the year 1964, as required by section 152(a). The burden of proof to establish such fact is upon the petitioner. Rule 32 of the Tax Court Rules of Practice. Petitioner has failed to sustain his burden in this respect. Petitioner offered no evidence to establish either the total amount of the support of his mother and father, or the amount of support which he himself furnished them. Consequently, petitioner has not established that he furnished more than one-half the total support of either his mother or father as required by section 152(a) of the Internal Revenue Code *185 of 1954. Accordingly, we sustain respondent's determination. Decision will be entered for the respondent.